The fifth argument is Case 25-1302, Eastern Arkansas, BSI Group LLC et al. v. Solid Financial Technologies. All right, Mr. Kaluta, we'll hear from you first. Good morning, Your Honors, and may it please the Court. Nico Kaluta on behalf of Appellant Solid Technologies. The District Court here ordered full merits discovery, full merits dispositive motions, all before holding the trial that this Court ordered on whether or not the parties agreed to arbitrate. That course of action violates this Court's mandate and also the FAA's requirement that courts proceed summarily to trial. This Court has jurisdiction to correct that error, and Solid has not waived its right to challenge that error. This Court should respectfully reverse. Section 4 of the FAA states that when the making of an arbitration agreement is at issue, the Court shall proceed summarily to trial. And summarily, as many courts have said, means quickly, without delay. Consistent with that, this Court, for example, said in Duncan that arbitrability is a gateway issue, that the parties have the right to have the correct venue, court, or arbitration determined at the outset of the case. Consistent with that, this Court, the first time around, the first time it was before this Court, found in material fact dispute, remanded for trial on whether or not the arbitration agreement was effectively communicated. Well, on remand, the District Court did not proceed to that trial summarily, quickly, or expeditiously. Instead, it entered a scheduling order that required full merits discovery, full merits dispositive motion, expert disclosures, jury instructions, the whole nine yards that you would do in a normal civil litigation, before holding the trial on arbitrability the day before the merits trial. Then, when Solid moved to stay merits discovery in light of that order, the District Court denied that too. That is the opposite of proceeding summarily to trial. Again, the whole point of the FAA is to resolve arbitrability at the outset of a case. And the reason for that, Your Honors, is because when parties agree to arbitrate, they're not just agreeing to arbitrate the trial itself in arbitration, they're agreeing to have the whole pretrial proceedings in arbitration as well. They're opting out of the burdensome Federal rules of civil procedure for the more streamlined rules of arbitration, limited discovery, no depositions by right, no right for dispositive motions. But if, as the District Court did here, it holds the motion to compel essentially pending until the day before the merits trial, all those benefits of arbitration are lost. And that is why Section 4 requires courts to summarily hold the trial and resolve arbitrability at the outset. That is really the only way you can give full effect to an arbitration agreement is to resolve it at the outset. The contrary approach taken by the District Court here, holding it and resolving the arbitrability dispute down the line right before trial, not only violates Section 4, but it really strikes at the heart of the FAA itself, Section 2, that states that, you know, arbitration agreements are valid and enforceable. Again, the only way to give full enforceability to them is to resolve it at the outset. Otherwise, even if the court finds that the parties agree to arbitrate down the line, they've already lost the benefit of the bargain for, you know, 90% of the proceedings already. And, you know, for that reason, Your Honors, many courts have held that courts cannot proceed to the merits of a dispute before arbitrability is resolved. You know, Jim from the D.C. Circuit, Howard from the 10th Circuit, Sefal from the 3rd Circuit. The District Court here didn't do that, and that was error under Section 4. It was not a proceeding summarily at the trial. Well, the court didn't proceed to the merits. I'm sorry, Your Honor? The court here didn't proceed to the merits before determining arbitrability. The court, I thought your objection was the court allowed for discovery. Correct, Your Honor. Well, the discovery order proceeds, it allows for merits discovery as well, and also merits dispositive motion, which contemplates that the court could rule on the merits before reaching the merits trial, you know, by ruling on summary judgment motions on the merits. Well, the court hasn't said it would do that. Well, you're right, Your Honor, I didn't say that. It did ask for merits dispositive motions, though, before holding the trials, right? It could hold those in advance. But regardless, briefing the merits, engaging in merits discovery is all part of what the parties, if they agree to arbitrate, opted out of. They opted to have all that done in the arbitration panel or with the arbitration panel itself. So your concern is more about the cost and the, what else, the disclosure of information that wouldn't have to be disclosed? Well, the concern, yeah, the concern ultimately, Your Honor, is giving effect to the arbitration agreement that we argue that the parties entered. And part and parcel, as the court said in Coinbase, a big benefit of that is getting pretrial in arbitration with the limited procedures, with the more streamlined discovery. So, I mean, it is somewhat about cost, but it's also just, you know, respecting the bargain that the parties made when they agreed to arbitrate. Would we be effectively creating an arbitration-specific procedural rule if we were to hold that a district court could not order unified discovery prior to determining arbitrability? No, Your Honor, you would not be. You would be simply applying Section 4 as it is written, which says when the making of an arbitration agreement is at issue, courts proceed summarily to trial. That is not a new rule. That's the rule, excuse me, that is what Section 4 says. That is not an arbitration-specific rule. That's not invented. That is simply applying Section 4 as it is. And, again, it also really, again, as I said, goes to Section 2, right? The only way to give full effect to an arbitration agreement is to decide it at the outset. If you hold it to the end of, you know, right before the trial, the benefit of the bargain is already lost, you know, and that is contrary to what the FAA was designed to do, what Section 2 says and what Section 4 directs with the summary trial. You know, the plaintiff's two main objections to this is, one, that these are just, you know, docket control orders, case management orders reviewed for abuse of discretion. They are not. They are orders denying a stay under Section 3, orders denying a solid motion to compel under Section 4. They are reviewed de novo, and the motions panel of this court effectively decided that. When it denied a plaintiff's motion to dismiss for lack of jurisdiction, that ruling was consistent with precedent, and there's no reason for this merits panel to reconsider that ruling now, though, of course, it has the right to. I'll start with some case law. Let's talk a little bit about the summary trial. You know, as you were, let's assume you're right, that the court's supposed to proceed to a summary trial, and that would entail at least some limited discovery, right? I mean, it's not a no discovery trial because we aren't trying people by ambush, right? Sure. So you're going to go out and you're going to take some depositions, and what the judge is really trying to do is saying that, you know, once you've got those people under oath and you're going to depose them, let's just get one deposition, get it done. And that's part of, I think, what the underlying, you know, it's hard to tell because, you know, you're in there, you know, you're having correspondence with the judge's law clerks rather than, you know, in a hearing where the judge is explaining what the decisions are. But, I mean, that's part of this thing. And it seems to me that really the harm isn't in allowing some discovery, including saying once you start to depose them, please depose them on all issues, right? The harm is in, allegedly would be in, when he says, oh, yes, and then we'll have the ordinary rules for dispositive disposition on the merits piece, and then if you lose on the arbitrability piece, we're going to proceed directly to the merits trial, right? Because that transforms that order into doing discovery whole hog on the merits issue, right? And my question really is what would be the problem with just saying the discovery that you undertake, that once you're doing it, that you should complete it so you're not duplicating costs? Yeah, sure, Your Honor. Happy to answer. I see I'm into my rebuttal time. Am I free to answer the question? Well, your rebuttal time will be whatever remains. Excellent. So, number one, Your Honor, I think, no, there's nothing wrong with the court conducting limited discovery into arbitrability. I do think there needs to be an effort to limit it to arbitrability, not enter sort of a blanket scheduling order here that opens the door to everything. And to the point about, you know, maybe the deposition, there's some overlapping issues. It's unclear to me what the overlap here would really be. I mean, the issue is whether or not the agreement on EasyBank's website is communicated to plaintiffs. The claims against Solid are negligence for failing to control accounts, failure to investigate, failure to institute safety controls, constructive fraud. Those are not really overlapping issues on the facts of this case. And so, no, like the harm is engaging a full merits discovery, full merits dispositive motion. And for that reason, the district court's orders here should be reversed. And I'll reserve the remainder of my time for rebuttal. Thank you, Your Honor. Thank you for your argument. Mr. Mayfield, we'll hear from you. May it please the court. Mark Mayfield for the Appellee's BSI Group LLC and International Business Solutions Group LLC. I can't help, when I get into an oral argument, without answering, continuing with the last question that was asked. This case is different than some others in terms of how it was presented. Part of the argument has to do with what we refer to as the tripartite relationship. You have EasyBank, you have Solid in the middle, and then you have Evolve Bank and Trust as the bank in this instance. There is an argument that is being made, because there is no signed document, because there are issues with the electronic handling that are detailed in the previous decision, that made by Solid, that in fact the course of the transactions somehow establishes assent to arbitrability. Because that is an issue, the point that somehow discovery can be narrowed in some way is difficult at best. We're dealing here with an interlocutory appeal from a judge's scheduling order. The judge in this instance did in fact, Judge Miller did in fact, set a phased trial. Talks about arbitrability being described first, being decided first. You don't have jurisdiction then if this is an appeal from an interlocutory scheduling order? I mean if it's an interlocutory appeal from a denial of a... Your Honor, Section 16 of the Federal Arbitration Act I think is the plaintiff's basis for that. I'm not trying to make their argument, but I point that out as the first point and point that we did make an argument and move to dismiss on the basis of whether there was jurisdiction to hear this appeal. And so we stand by those arguments. But on the other hand, it does seem that most of the benefits of arbitration have been lost here by the scheduling order. Wouldn't you agree? Your Honor, I agree that there is a part with respect to discovery, but the door is already open so to speak with respect to discovery on this issue as Judge Erickson referenced a moment ago. What do you mean by this issue? On the issues that are involved in the case because... Well, couldn't you have discovery on the issues about arbitrability without going further? Your Honor, in a theoretical sense that might be possible, but in... I mean in a concrete sense in this case. In a concrete sense, I don't see how it gets to be the situation because Solid is arguing that the course of the transactions is showing that there was assent in this instance. But why would that then open up all the issues on which the plaintiff... Because you're still going to have to get into the issues with the course of the transactions from the banking side, from the fintech side that are involved in this tripartite relationship. But even if you're looking at those transactions, you're not contemplating the preparation of dispositive motions and the order requires dispositive motions to be made prior to trial. And the trial is set like one day later. I mean, the harm in this thing would have been much less even if Judge Miller would have said, we're going to try this a month later. Try it with the same jury a month apart. Because you're now required to kind of have the cart in front of the horse on dispositive motions, right? The dispositive motions issue, I understand. And of course, a trial court may reassess that when it gets down to it. We don't know that because this appeal was filed beforehand. What do you think Section 4 means when it says the court shall proceed summarily to the trial? It doesn't say a summary trial. It says proceed summarily. Does that suggest that it should be a truncated process? Your Honor, it certainly means that it should be done first. I think there's an idea that there should be some expedition, but it doesn't limit then the district court's ability to try to keep the case moving, so to speak, if arbitrability is determined against, in this case, the defendant's arguments. I've made the long way around to get to the point of Judge Graza's question that with this situation, they don't lose the right in any stretch of the imagination with respect to arbitration. If there is a finding that this matter should go to arbitration, it immediately goes to arbitration. They have all of those benefits that still go to them. Well, their point is some of the benefits would have been lost by having to go through discovery. Do you want to respond to that? Arbitration has narrower discovery opportunities, as you know. Right, right. And Judge, with respect to that, the arbitration point in determining whether there is – I'm sorry, let me collect my thoughts. Well, I was just asking you to respond to the argument that it's not really true that they would have all the benefits of arbitration if arbitration is ordered, because one of the benefits of arbitration is to avoid merits discovery in the U.S. District Court. And that is where we differ on that point, because we believe that the discovery benefit that they're claiming is already part of the way out the door and seemingly is wholly out the door in this instance. So this goes back to your point that on the facts of this case that there really isn't a way to separate the discovery? Yes, Your Honor. Yes, Your Honor. And if that's the case, if you can't separate it, it just can't be separated. But they're really saying is that it can be separated and that if it's separated, that there's a bunch of things that happen in the district courts that do not happen in arbitration. I mean, the obligations to meet and confer, the discussions about exchanging of documents, the number of depositions that may be allowed. You know, the hand governing discovery in arbitration is just a little bit different than the hand governing the federal courts. You know, we try every case like it's worth a billion dollars, right? I mean, in arbitration that just doesn't happen. Well, this case is worth nine million, so it's significant, yes. And, Judge, what I would say to that is I look back, one of the cases cited is the Duncan v. International Markets case. That case refers to a Fourth Circuit case of the Berkeley County School District case in which the court, I think, said appropriately that those matters were going to be left to able counsel and to the learned trial judge. And so that's what we're asking in this instance. The other concern I have is I don't know that the district court really ever said that the court concluded that the discovery was all merged, like you're saying. It'd be one thing if the district court examined the case and said, you know, I've assessed it and in my discretion I think that the discovery needs to be unified for this, that, and the other reason, but we just have a scheduling order. Is that right or am I missing anything? No, that is correct, Your Honor. The process that the court went through, as Judge Erickson referred to earlier, is that there was some communication from the law clerk about the, because there was a request for additional time. This matter was actually set seven months down, or was set, I guess, ten months down the road. And so, no, there was not a detailed discussion of that point beforehand. Well, is there even an indication that the judge concluded that the merits part of the case would not require any more discovery than the arbitration part, whether it's detailed or not? We don't even have that. Right, Judge, I don't believe that we have that. We would ask that you affirm the district court's determination to take this case to arbitration, to decide the arbitration issue is something that is within the law, and we would ask that the entire decision be affirmed. Thank you. My time has concluded, unless you all have questions. Very well. Thank you for your argument. We'll hear brief rebuttal. Mr. Coluto. Thank you, Your Honors. The question that was remanded is this. Whether the pop-up windows on EasyBunk's website or other aspect of EasyBunk's website effectively communicated the Evolve Agreement. That's what the trial is on. That's a narrow issue. It would not have been difficult to frame discovery around that. And sure, would there be disputes about whether or not some things go to that or go to the merits? Absolutely. But the court can hear that on remand and make those decisions. Here, as Chief Judge Colliton said, the district court didn't engage with that. It simply entered a blanket discovery order, having all merits discovery, all merits dispositive motion happen before the court reaches the issue of arbitrability. And I didn't hear anything from my friend on the other side that refutes the idea that the only way to get the benefits, the full benefits of arbitration, is to have arbitrability decided at the outset, because arbitration includes the right to streamline discovery. For those reasons, Your Honor, we act. Well, let me ask you one thing. You said the district court could decide something about the scope of discovery. Forgive me if I was speaking too fast. How would that work as a practical matter? Your Honor, I think it would work as any normal discovery dispute would go. On remand, the court would say you can take this. This wouldn't be normal. Well, we are authorized to take discovery on the arbitrability question. Suppose the questions in the deposition go beyond what you think is related to arbitration. Then what happens? I think there would be an objection like this is beyond the scope of the deposition. To the extent there are interrogatory requests, there could be a motion for protection, motion to quash on those grounds that these are outside the realm of permissible discovery at this point. Is that helpful, Your Honor? Do you think you would contemplate taking these deposition objections to the judge? We envision that the limited discovery would proceed as the district court would normally handle discovery. But, again, the scope of it is limited to arbitrability, to the narrow question that this court remanded the district court to consider. All right. Thank you, Your Honor. Thank you to both counsel. The case is submitted. The court will file a decision in due course. That concludes the argument session for this morning. The court will be in recess until 830 tomorrow.